CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 22, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **SHAWN TOLBERT,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:23-cv-00533** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **SUPERINTENDENT KIMBERLY D.** | ) | **Chief United States District Judge** |
| **HAUG, <u>et</u> <u>al.,</u>** | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

Shawn Tolbert, an inmate proceeding <u>pro se</u>, filed this civil action under 42 U.S.C. § 1983 against three individuals employed at the New River Valley Regional Jail. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.    Background

Tolbert is currently incarcerated at the New River Valley Regional Jail in Dublin, Virginia, and the events giving rise to this action occurred there. He names as defendants Superintendent Kimberly D. Haug, Major Daniel O'Dell, and Major Keith Fleeman. Compl., ECF No. 1, at 1–2.

Tolbert's complaint stems from a lockout schedule set forth in a May 8, 2023, typed memorandum from Major O'Dell and the effect that the schedule has on Tolbert's ability to access the toilet in his cell. Compl. Supp. Facts, ECF No. 1-1 at 1; <u>see also</u> Compl. Ex. A, ECF No. 1-1 at 2. The memorandum states that "[i]nmates will be locked out of their cells during [the following] mealtimes and pill passes":

Doors will open at 0600 and inmates are allowed to come out.

Doors will open again at 0700 and all inmates will come out for meals until 0900[.]

At the time of each hour inmates will have the option to come out of their cells and cells will be secured.

At 1130 all inmates will be out for meals until 1300[.]

At 1500 all inmates will be out of their cells for count until count clears.

At 1830 all inmates will be locked out for dinner until 2000.

All inmates will be locked down at 2230.

Compl. Ex. A (handwritten notations omitted). When inmates are locked out of their cells during the designated time periods, they must use the toilet in their housing unit's dayroom, unless an officer is available to let them back into their cells. Compl. Ex. B, ECF No. 1-1 at 3.

On May 20, 2023, Tolbert filed an informal grievance complaining about having to share a toilet with over 50 people when inmates are locked out of their cells. Id. He suggested that cell doors should be left open at all times or immediately reopened after officers perform an inmate count. Id. On May 22, 2023, a correctional officer provided the following response: "You have access to be let back in your cell when officers are conducting their rounds. If a situation arises when you['re] locked out of your cell while the dayroom toilet is occupied you will be let back in your cell to use your toilet." Id. Tolbert indicated that he was not satisfied with the officer's response because it is "not possible to have access to [his] cell and bathroom when [an] officer is not always in the pod." Id.

Tolbert then filed a formal grievance raising the same issue. Compl. Ex. B-1, ECF No. 1-1 at 4. On May 26, 2023, Major Fleeman provided the following response: "Your cells are

2

accessible every hour and as requested when staff is present. Toilet facilities are available inside

cells and in the dayroom for use." Id. Tolbert noted that he was dissatisfied with Fleeman's

response for the following reason:

> It's unsanitary and cruel and unusual punishment to deny me access
> to the bathroom when I have to use it and it's only 1 toilet for 54
> people to use that this unit houses and it's never a[n] officer in the
> housing unit at all times to allow me access to a bathroom.

Id.

Tolbert appealed Fleeman's response to Superintendent Haug. Compl. Ex. B-2, ECF No.

1-1 at 5. Haug rejected the grievance appeal on May 30, 2023. See id. ("The doors are going to

remain shut. This is not cruel and certainly not unusual. If the dayroom toilet is occupied you

may request the officer let you back in your cell during their next round.").

After exhausting his administrative remedies, Tolbert filed this civil action under 42 U.S.C.

§ 1983. Tolbert claims that the toilet available for use in the dayroom contains "urine and even

feces on occasion," and that it is "unsanitary and inhumane" for inmates to have to use that toilet

when they are locked out of their cells. Compl. Attach., ECF No. 1-1 at 9.

## II.      Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks

redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure

to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still state a claim to relief that is plausible on its face." Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019).

## III.    Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

The court construes the complaint as attempting to assert a claim of deliberate indifference to inmate health or safety. The standard that applies to such claim depends on whether Tolbert was a convicted inmate or a pretrial detainee during the relevant time period. The Eighth Amendment protects convicted inmates from cruel and unusual punishment and

* Unless otherwise noted, the court omits internal quotation marks and citations throughout this opinion.

4

imposes an affirmative obligation on correctional officials to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Like any other Eighth Amendment claim, an Eighth Amendment conditions of confinement claim has (1) objective and (2) subjective components." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019). To satisfy the objective component, an inmate must "demonstrate that the deprivation alleged [was] objectively sufficiently serious." Id. "To be sufficiently serious, the deprivation must be extreme—meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of harm resulting from . . . exposure to the challenged conditions." Id. And to satisfy the subjective component, a plaintiff must demonstrate that prison officials acted with "deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834. Specifically, "the plaintiff must show that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and drew that inference." Heyer v. United States Bureau of Prisons, 849 F.3d 202, 211 (4th Cir. 2017).

A pretrial detainee's claim of deliberate indifference is brought pursuant to the Due Process Clause of the Fourteenth Amendment. See Stevens v. Holler, 68 F.4th 921, 930–31 (4th Cir. 2023) (addressing a pretrial detainee's claim of deliberate indifference to serious medical needs). The Due Process Clause protects pretrial detainees from governmental actions that are "not rationally related to a legitimate nonpunitive purpose or that . . . appear excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015). In Kingsley, the Supreme Court held that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." Id. at 397. The United States Court of Appeals for the Fourth Circuit recently concluded that "Kingsley's objective standard extends not just to excessive force claims; it applies equally to deliberate indifference claims." Short v. Harman, 87 F.4th 593, 606 (4th Cir. 2023).

Therefore, to state a claim for deliberate indifference, a pretrial detainee must plead (1) that he was subjected to a condition of confinement that posed a substantial risk of serious harm; (2) that "the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed"; (3) that "the defendant knew or should have known . . . that the defendant's action or inaction posed an unjustifiably high risk of harm"; and (4) "as a result, the detainee was harmed." Id. at 611; see also Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) (adopting a similar test for claims of deliberate indifference to conditions of confinement under the Due Process Clause of the Fourteenth Amendment); Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (same).

Tolbert's complaint fails to state a cognizable claim of deliberate indifference in violation of the Eighth Amendment or the Fourteenth Amendment. While Tolbert may prefer not to use a toilet shared by other inmates when he is unable to enter his locked cell, his complaint does not set forth facts from which the court could reasonably infer that the challenged conditions posed or continue to pose a substantial risk of serious harm. Nor does the complaint allege that Tolbert has actually suffered any harm as a result of either using the dayroom toilet or waiting to use the toilet in his cell. Additionally, the allegations in the complaint do not provide a plausible basis to conclude that any of the named defendants "consciously disregarded the risk that their action or failure to act would result in harm" or "knew or should have known . . . that [their] action or inaction posed an unjustifiably high risk of harm." Short, 87 F.4th at 611. Consequently, the complaint fail to state an Eighth or Fourteenth Amendment claim of deliberate indifference against any of the named defendants. See, e.g., Bell v. Wolfish, 441 U.S. 520, 537 (1979) (emphasizing that "[l]oss of freedom of choice and privacy are inherent incidents of confinement in [a detention] facility" and that "the fact that such detention interferes with the detainee's

understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into punishment [in violation of the Fourteenth Amendment]"); Lindsey v. Shaffer, 411 F. App'x 466, 468 (3d Cir. 2011) (concluding that an inmate was not subjected to cruel and unusual punishment in violation of the Eighth Amendment as a result of "occasion[ally]" being "forced to wait for more than an hour to relieve his bodily functions"); Lucas v. Cummings, No. 1:22-cv-00206, 2024 WL 920063, at *3 (E.D. Va. Mar. 4, 2024) (noting that "[a]dequate access to bathroom facilities is a human need" but that there is "no constitutional right to immediate access to a bathroom on demand").

## IV.    Conclusion

For the foregoing reasons, the court concludes that Tolbert's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days, if he so chooses. An appropriate order will be entered.

Entered: April 19, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.19 16:52:36
-04'00'

Michael F. Urbanski
Chief United States District Judge